UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY DOWDY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 15-cv-03764-JST<br><br>**ORDER RE DISCOVERY LETTER BRIEF**<br><br>Re: ECF No. 17 |

The Court has received the parties' joint discovery letter brief. ECF No. 17.

Before the Court can decide the questions posed by the parties' letter, it must determine which standard of review applies to this case, or at least know with clarity which standard each of the parties thinks applies. "It is well established that the scope of discovery in a denial of ERISA benefits case is linked to the standard of review." Medford v. Metro. Life Ins. Co., 244 F. Supp. 2d 1120, 1124 (D. Nev. 2003). In general, "discovery must be more carefully tailored to the issues raised in the particular case" than discovery in an ordinary civil case, "specifically, 'the need to demonstrate conflict of interest,' as well as the proper standard of review to be applied." Klund v. High Tech. Sols., Inc., 417 F. Supp. 2d 1155, 1159-60 (S.D. Cal. 2005) (quoting Waggener v. UNUM Life Ins. Co. of Am., 238 F. Supp. 2d 1179, 1185 (S.D. Cal. 2002)).

Although the parties have made various statements about the standard of review they think the Court will apply in this case, the question has not been definitively decided, and the parties' statements are equivocal. In the parties' recent Joint Case Management Statement, ECF No. 14, Plaintiffs say that the abuse of discretion standard "generally applies in cases where, as here, the plan purports to grant its administrator discretionary authority to determine eligibility for benefits," but that they intend to "take discovery going to the standard of review." Id. at 5. The

Plaintiffs take no position on the question in the more recent letter brief. The Defendants, by comparison, take no position regarding the standard of review in the case management statement, but argue in the letter brief that since they have offered to stipulate to *de novo* review, that should be the standard.

The parties are ordered to file briefs of not more than three pages each identifying the applicable standard of review in this case and the reasons and authorities in support of that standard. The briefs must be filed by Friday, February 19, 2016 at noon. In the alternative, the parties may file a stipulation, which need not be supported by argument or authority. In either event, the Court will decide the parties' discovery dispute, ECF No. 17, after receipt of the information requested by this order.

IT IS SO ORDERED.

Dated: February 16, 2016

JON S. TIGAR
United States District Judge